IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 99-1153** |
| | ) | |
| v. | ) | Hon. Thomas M. Hardiman |
| | ) | |
| PHILIP L. JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff David Brown (Brown), an inmate formerly incarcerated at the State Correctional Institution at Greene (SCI-Greene), filed this action pursuant to 42 U.S.C. §1983. Defendants are nine current and former employees of the Pennsylvania Department of Corrections (DOC) at SCI-Greene. Brown alleged initially that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution when they confiscated items in his cell and transferred him to the Restricted Housing Unit (RHU) because of his alleged membership in a security threat group known as the United Nation of Islam-KAM (UNOI-KAM). The Defendants have twice moved for summary judgment, and the Court has dismissed the great majority of Brown's constitutional claims. Now pending is Defendants' third motion for summary judgment, in which they seek dismissal of Brown's sole remaining claim, namely that Defendants retaliated against him for exercising his First Amendment right to practice his religion and to seek redress of grievances.

I. **Procedural History**

Plaintiff commenced this action in July 1999, and Defendants first moved for summary judgment in November 2000. On May 2, 2001, Magistrate Judge Ila Jeanne Sensenich filed a Report and Recommendation (R&R) dismissing Brown's due process claim concerning the confiscation of items in his cell and the DOC grievance system, including his claims against Defendant Beerman (now D'Eletto), and his Eighth Amendment claim concerning conditions of his confinement. It was also recommended that Defendant Harouse be dismissed from the case. The R&R denied summary judgment on Brown's First Amendment claims and his due process claim concerning his continued confinement in the RHU. This Court adopted the R&R on July 6, 2001.[1]

In February 2003, the Defendants sought and received leave to file a second motion for summary judgment, based on new evidence from Brown's deposition and the announcement of a new rule of law relating to the doctrine of qualified immunity. In a July 1, 2003 Memorandum Opinion and Order, the Court granted Defendants' motion with regard to Brown's First Amendment free exercise and access to courts claims and his remaining due process claims, but denied the motion with regard to his First Amendment retaliation claim.

In April 2004, this Court appointed attorney Mark Rush to represent Brown at trial. While preparing for trial, however, attorney Rush and his colleagues were provided with confidential documents that precluded them from simultaneously representing Mr. Brown and discharging their ethical duties under the Pennsylvania Rules of Professional Conduct. Counsel

---

[1] The R&R was adopted by the Honorable Robert J. Cindrich, to whom this case was assigned until his resignation on January 31, 2004, at which time the case was reassigned to the undersigned judge.

2

filed a motion to withdraw, which was granted, and Defendants again sought leave to file a motion for summary judgment based upon the new documents. Because the internal prison reports relied upon a confidential informant, however, the Defendants refused to produce the documents to Brown and instead requested this Court to decide the motion based upon an *in camera* review. The Court conducted an *in camera* review, but rejected Defendants' request that the Court consider the classified documents in ruling on the motion. Nevertheless, the Court permitted Defendants to file a motion for summary judgment based upon newly discovered non-classified documents. Defendants filed their third motion for summary judgment on January 10, 2005, and Brown responded on April 7, 2005, and that motion is now ripe for adjudication.

## II.  Standard of Review

As the Defendants have acknowledged, a court generally will not re-examine issues that have been decided previously. However, a court may reconsider a prior holding in some limited circumstances. "Commonly recognized exceptions permit reconsideration of an issue previously resolved in the same case if: (1) the right to move for reconsideration would be effectively denied; (2) new evidence is available; (3) a supervening new rule of law is announced; or (4) the decision was clearly erroneous and would work a manifest injustice." *Bridge v. United States Parole Commission*, 981 F.2d 97, 103 (3d Cir. 1992).

Rule 56 requires the entry of summary judgment against a party on an issue or a claim when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986); *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). "Summary judgment procedure is properly regarded not as a disfavorable procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks omitted).

In resolving a motion for summary judgment, courts should not weigh conflicting evidence or make factual findings but, rather, should "consider all evidence in the light most favorable to the non-moving party" to determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Schnall v. Amboy Nat'l Bank*, 279 F.3d 205, 209 (3d Cir. 2002). The parties have a duty to present evidence; neither statements of counsel in briefs or at oral argument nor speculative or conclusory allegations satisfy this duty. *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir.1999). Summary judgment is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23.

### III.   Discussion

#### A.   *First Amendment Retaliation*

A First Amendment retaliation claim requires a plaintiff to prove that: 1) he was engaged in constitutionally protected conduct; 2) he suffered adverse action at the hands of prison officials; and 3) a causal connection exists such that the protected activity was a substantial or motivating factor for the decision to discipline. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.

4

2001). Only if the plaintiff proves his *prima facie* case does the burden shift to defendant to show that the same decision would have been made for legitimate penological reasons absent the protected conduct. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002).

Here, Defendants assert that Brown has failed to show a causal connection between his protected activity and the decision to discipline him. They also assert that their actions were reasonably related to a legitimate penological interest because Brown was a member of UNOI-KAM, which has been identified as a security threat group. The Magistrate's R&R adopted by this Court found that the causation element could be plausibly inferred by the temporal proximity of Brown's protected conduct and Defendants' alleged retaliation, as well as the statements allegedly made by the Defendants. (R&R 19-22). The Magistrate's R&R also rejected Defendants' argument regarding a legitimate penological interest, holding that there was a genuine issue of material fact as to whether Brown was in fact a member of UNOI-KAM. (R&R 19-25). The Magistrate's R&R pointed out that Brown denied membership in UNOI-KAM, that Defendant Kingston's "investigation" of Brown's activities consisted primarily of reviewing past reports, and that some of the Defendants, including Kingston, had been reprimanded in the past for placing false information in prisoners' files. (R&R 24-25).

Defendants have submitted no new evidence to question the R&R's factual conclusions, and no cases to suggest that its legal conclusions were clearly erroneous or contrary to new law. Brown rightly points out that Defendant Kingston's October 3, 1998 security report (Attachment AA) and Lieutenant Fisher's November 3, 1999 security report (Attachment BB) were included in Defendants' prior summary judgment motions. Lieutenant David Grainey's April 25, 1999 security review (Attachment CC) was not included in prior motions, but there is no indication

that this review was any more thorough or reliable than previous security reviews, and it does not prove unequivocally that Brown was in fact a member of UNOI-KAM. Nor do notices of parole denials from the Pennsylvania parole board demonstrate that Brown was a member of UNOI-KAM. (See Attachments DD and EE). Finally, Defendants' argument that temporal proximity alone is insufficient to demonstrate a causal connection, *see Allah v. Al-Hafeez*, 208 F.Supp.2d 520, 525 (E.D. Pa. 2002), ignores the fact that the Magistrate's R&R also relied upon statements allegedly made by the Defendants around the time of Brown's placement in the RHU. (R&R 20-22). Accordingly, Defendants' motion for summary judgment on Brown's First Amendment retaliation claim will be denied.

### B. Qualified Immunity

The Defendants have also sought dismissal of Brown's claim on the basis of qualified immunity. However, the Defendants have provided no new evidence or precedent to suggest that the Court's original rejection of their qualified immunity argument was clearly erroneous. In fact, Defendants' qualified immunity argument in support of this motion is nearly identical to that proferred in support of their second summary judgment motion. Therefore, Defendants' qualified immunity argument must again be rejected.

### C. Personal Involvement

Finally, all Defendants except Muccino seek dismissal under *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), because they were not personally involved in the alleged misconduct. The R&R rejected this argument as to Defendants Muccino and Johnson (R&R, 25-26, 37-40), yet proceeded to dismiss Defendant Harouse for lack of personal involvement, even though the Defendants apparently had not raised the argument as to him. (R&R 40-42).

Defendants have provided no argument to suggest that the R&R's failure to dismiss other Defendants for lack of personal involvement was clearly erroneous or contrary to the evidence. Furthermore, Brown has pointed to sufficient record evidence to create a material issue of fact as to the personal involvement of the remaining Defendants. Therefore, Defendants' reliance upon *Dellarciprete* is unavailing.

## IV. Conclusion

The newly discovered evidence provided by Defendants, exclusive of that submitted for *in camera* review, is largely duplicative of evidence already in the record, and falls well short of conclusively establishing that Brown was a member of UNOI-KAM. Furthermore, Defendants' arguments regarding qualified immunity and lack of personal involvement have been thoroughly considered by this Court, and nothing presented in their most recent motion for summary judgment suggests that the Court's rejection of these arguments was clearly erroneous. Accordingly, Defendants' motion for summary judgment will be denied.

An appropriate order follows.

_____
Thomas M. Hardiman
United States District Judge

cc: all counsel/parties of record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BROWN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 99-1153 |
| ) | |
| v. ) | Hon. Thomas M. Hardiman |
| ) | |
| PHILIP L. JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

AND NOW, this 24th day of August, 2005 upon due consideration of Defendant Motion for Summary Judgment (Doc. No. 177)

IT IS HEREBY ORDERED, ADJUDGED and DECREED that said motion is **DENIED**.

BY THE COURT:

_Thos M. Hardiman_
Thomas M. Hardiman
United States District Judge

cc: all counsel/parties of record

David Brown
AS-1539
SCI Dallas
1000 Follies Road
Dallas, PA   18612

Craig E. Maravich
Deputy Attorney General
Office of Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA   15219